UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00086-RJC

| DAVID MEYERS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5].

## I. BACKGROUND

Pro se Plaintiff David Meyers ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On or about June 8, 2023, Plaintiff filed this action that he purports to bring under the Federal Tort Claims Act, claiming violation of his Eighth Amendment rights. [Docs. 1, 1-1]. Plaintiff alleges, in part, as follows.

> David Meyers has submitted a total of 89 federal tort claim act federal tort claims form 95 completed forms to the U.S. Department of the Treasury and to the Administrative Office for the U.S. Courts from 2-2-2018 until this 06/07/2023 filed on the U.S. District Court's U/S Judges and U.S. Magistrate Judges and Clerks of the U.S. District Courts and court employees of North Carolina and Virginia U.S. District Courts and U.S. Court of Appeals for the 4th Circuit tampering with me as a witness, and committing fraud upon the court and false alleging that I am delusional and the I have filed frivolous civil actions….

[Doc. 1 at 1-2 (errors uncorrected)]. Plaintiff complains that his civil actions have been

"maliciously" dismissed and he has been placed on pre-filing injunctions and been tampered with as a witness. [Id. at 2]. Plaintiff claims that United States District Judge Graham Mullen subjected Plaintiff to "cruel and unusual punishment" on May 31, 2023, by dismissing Case No. 1:23-cv-00123-GCM, and "committ[ed] fraud upon the court, abuse of discretion, bias, and false swearing that [Plaintiff] is delusional, and not in imminent danger…." [Id.]. For relief, Plaintiff seeks $100,000 and that Case No. 1:23-cv-123 be reopened. [Id. at 3].

Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis with his Complaint. As such, the Clerk mailed Plaintiff a Notice of Deficiency, advising Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application") within 21 days of the Clerk's Order. [Doc. 2]. On July 5, 2023, Plaintiff filed a completed IFP Application attesting to his indigency and also claiming to be in imminent danger. [Doc. 5]. Plaintiff claims he is in imminent danger because the "Charlotte Division, Asheville Division U.S. Judge Graham Mullen refuses to protect [him]." [Id. at 1]. Plaintiff claims that Alexander Correctional Institution "staff and prisoners are making death threats to [him]" and that prison guards at Alexander and Foothills Correctional Institution ("Foothills") are or were "unceasingly raping [him]." [Id. at 1-2]. Plaintiff claims that, on June 28, 2023, various officials at Foothills called Alexander to have several Alexander officials come to Plaintiff's cell to threaten "use [of] weapons of mass destruction to bomb [Plaintiff] in [his] cell." [Id. at 3-4].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

2

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). In 2020, the Fourth Circuit held that Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020). A brief review of Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that Plaintiff is subject to 28 U.S.C. § 1915(g). See, e.g., Meyers v. Brown, No. 2:20cv70 (E.D. Va.), Doc. 68 (collecting cases).

Plaintiff, therefore, must show that he is under imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Meyers v. Clarke, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Moreover, "allegations of imminent danger in the IFP application must have some nexus or relation to those of the underlying complaint." Meyers, 801 Fed. App'x at 96.

As raised by Plaintiff, this Court recently dismissed a Complaint filed by Plaintiff where he sought to proceed without paying the filing fee because he "fail[ed] to plausibly allege any facts supporting" application of the imminent danger exception. [Case No. 123:cv-123-GCM, Doc. 7].

In that case, Plaintiff alleged a series of highly incredulous events he claimed were perpetrated by officials at Foothills on April 27, 2023, after they "illegally re-kidnapped" Plaintiff.[1] Plaintiff also vaguely claimed that "all" NCDAC inmates are threatening his life. [Id., id. at 4]. In dismissing Plaintiff's Complaint, the Court noted that "Plaintiff's past filings in this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger." [Id., id.].

Plaintiff here again fails to plausibly allege any facts supporting application of the imminent danger exception. Plaintiff continues to claim that prison officials are threatening and conspiring to kill him, are raping him, and have kidnapped him. Nothing in Plaintiff's allegations "evidence[es] the likelihood of imminent serious physical injury.'"[2] Meyers, 767 Fed. App'x at 439. Rather, they continue to evidence that Plaintiff is delusional. Because Plaintiff is subject to the requirements of § 1915(g), which he has not satisfied, the Court will dismiss Plaintiff's Complaint.

Plaintiff is again strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.

## III. CONCLUSION

---

[1] That is, Plaintiff claimed that these officials dragged him from his wheelchair in front of Foothills and "hurled" him headfirst into a blue SUV, causing Plaintiff to strike his head repeatedly. Then, two white male "supremacist prison guards" drove Plaintiff to a secluded wooded area five miles from a Burger King and raped the Plaintiff, "forcibly anal sodomizing [Plaintiff]," cut his neck, and "illegally drove [Plaintiff] to Alexander Correctional Institute." [Case No. 1:23-cv-123, Doc. 4-2 at 1-2].

[2] The Court notes that Plaintiff has attempted to proceed through the "imminent danger" exception in several other actions he has recently filed in this Court. In many of those cases, his claims in support of application of this exception are even more delusional and fanciful than those here. See, e.g., Case Nos. 5:23-cv-00080-MOC, Doc. 4; and 5:23-cv-00083-FDW, Doc. 4].

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's payment of the full filing fee pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 5] is **DENIED**.

The Clerk is further instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

Signed: July 25, 2023

Robert J. Conrad, Jr.
United States District Judge